IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                            Criminal No. 3:07cr321-01

KEVIN G. VALENTINE

**MEMORANDUM OPINION**

This matter is before the Court on the defendant's *pro se* MOTION PURSUANT TO 18 U.S.C. SECTION 3582(C)(1)(A)(I) OF THE FIRST STEP ACT (ECF No. 90), the MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(B) OF THE FIRST STEP ACT AND 18 U.S.C. § 3582(C)(1)(A) (ECF No. 95 (redacted)), the MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(B) OF THE FIRST STEP ACT AND 18 U.S.C. § 3582(C)(1)(A) (ECF No. 104 (sealed)), the United States' Response in Opposition to Defendant's Motion for Compassionate Release (ECF No. 98), the REPLY IN SUPPORT OF MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(B) OF THE FIRST STEP ACT AND 18 U.S.C. § 3582(C)(1)(A), and all the exhibits filed with those pleadings. Having considered the entire record, and for the reasons set forth below, the Court concludes that the defendant's *pro se* MOTION PURSUANT TO 18 U.S.C. SECTION 3582(C)(1)(A)(I) OF THE FIRST STEP ACT (ECF No. 90), the MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(B) OF THE FIRST STEP ACT AND 18 U.S.C. § 3582(C)(1)(A) (ECF No. 95 (redacted)),

and the MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(B) OF THE FIRST STEP ACT AND 18 U.S.C. § 3582(C)(1)(A) (ECF No. 104 (sealed)) will be granted.

### BACKGROUND

The defendant pled guilty to Counts One and Two of a Criminal Information.  Count One charged the defendant with conspiracy to possess with intent to distribute heroin from approximately January 2004 through August 2007, in violation of 21 U.S.C. §§ 41(a)(1), 841(b)(1)(A)(I) and 846.  Count Two charged the defendant with possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  The defendant was sentenced to a term of imprisonment of 248 months, consisting of 188 months on Count One and 60 months on Count Two, to be served consecutively.  The defendant has a very serious criminal history, being a Criminal History Category VI.  That history includes serious violence.  On November 3, 2015, the term of imprisonment was reduced from 248 months to 222 months (consisting of 162 months on Count One and 60 months on Court Two, to be served consecutively.

The record shows that the defendant suffers from a combination of very serious illnesses and chronic medical conditions.  Indeed, the record in this case establishes that the defendant has the

most serious medical conditions reflected in any motion for compassionate release considered thus far by the Court.

### DISCUSSION

The applicable statute is 18 U.S.C. § 3582(c)(1)(A) which, in pertinent part provides that, upon appropriate motions the Court "may reduce the term of imprisonment . . . if it finds that 'extraordinary and compelling reasons' warrant such a reduction."

The undisputed record here shows, and the United States agrees, that the defendant's medical and health conditions constitute "extraordinary and compelling reasons" for compassionate release. The United States, nevertheless, opposes the motion because (1) the defendant has failed to show, as his is responsibility, that his release plan is an appropriate one; and (2) the sentencing factors in 18 U.S.C. § 3553(a) counsel against granting the motion.

Taken as a whole, the record reflects that the defendant's release plan is adequate. The defendant plans to live with his brother and sister-in-law who have documented that they are prepared to accept him and have prepared a space for him to quarantine if he is released. It appears that the defendant's brother and sister-in-law are prepared to support the defendant. If, and when, his underlying health conditions permit the defendant

is prepared to seek employment. In that regard, he has taken courses while in prison that will assist in securing employment.[1]

The United States also argues that the sentencing factors under 18 U.S.C. § 3553 warrant a denial of the motion. That, however, is not a viable argument.

As the United States contends, the offenses of conviction are indeed serious and the defendant has a most serious (Category VI) criminal history that includes violence. However, the defendant has served about 70% of his term of imprisonment and he will be on supervised release for five years upon release. And, the defendant's term of supervised release will include an 18 month term of home confinement. These measures and the term already served will deter the defendant, protect the public and promote respect for the law. Further, the defendant's debilitated condition will serve as a deterrent (and hence protective) purpose as well.

For the foregoing reasons, the defendant's *pro se* MOTION PURSUANT TO 18 U.S.C. SECTION 3582(C)(1)(A)(I) OF THE FIRST STEP ACT (ECF No. 90), the MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(B) OF THE FIRST STEP ACT AND 18 U.S.C. § 3582(C)(1)(A) (ECF No. 95 (redacted)), and the MOTION FOR COMPASSIONATE RELEASE

---

[1] At this time, it is doubtful that the defendant could secure employment because of the several adverse health conditions with which he is afflicted.

4

PURSUANT TO SECTION 603(B) OF THE FIRST STEP ACT AND 18 U.S.C. § 3582(C)(1)(A) (ECF No. 104 (sealed)) will be granted. A separate Order will enter.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:  December 29, 2020